**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VETERINARY MEDICAL DEVELOPERS, LLC, et al** | **CIVIL ACTION** |
| **versus** | **NUMBER: 11-2268** |
| **SAFESCAN IMAGING SERVICES, LLC** | **SECTION: "B" (5)** |

### ORDER AND REASONS

Before the Court is Defendant SafeScan Imaging Services, LLC's (Defendant) Motion to Dismiss Plaintiffs' Complaint, as Amended (Rec. Doc. No. 10). In response, Plaintiffs Veterinary Medical Developers, LLC (VMD), Veterinary Imaging Affiliates of Mt. Pleasant, LLC (VIA), and Cape Code Veterinary Imaging Affiliates, LLC (Cape Cod) (collectively Plaintiffs), filed an Opposition Memorandum to Defendant's Motion to Dismiss (Rec. Doc. No. 14). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiffs' Complaint, as Amended, be **DISMISSED WITHOUT PREJUDICE**.[1] Alternatively, **IT IS ORDERED** that Defendant's Motion to Dismiss, viewed as a motion for summary judgment, is **GRANTED without prejudice** on the issues of jurisdiction and venue, in view of materials presented by parties outside of the pled complaint at issue.

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

**PROCEDURAL HISTORY**

Plaintiffs VIA and Cape Cod entered into contracts with Defendant for the purchase of CT and MRI imaging equipment. (Rec. Doc. No. 5 at 1). Defendant[2] entered into a contract with VIA[3] for a Mobile MRI machine on June 22, 2011. (Rec. Doc. No. 5-1). Defendant entered into a contract with Cape Cod [4] for a mobile CT machine on August 8, 2011. (Rec. Doc. No. 5-2). Plaintiffs do not present evidence of an agreement between Defendant and VMD. [5] Plaintiffs claim that Defendant "engaged in a series of deceptive practices designed to mislead the [P]laintiffs into a joint venture agreement" before breaching the contracts. (Rec. Doc. No. 5 at 3).

The instant suit was filed in this Court on September 9, 2011. (Rec. Doc. No. 1). Plaintiffs filed their Amended Complaint on December 13, 2011. (Rec. Doc. No. 5). Defendant filed its Motion to Dismiss on January 9, 2012. (Rec. Doc. No. 10). Plaintiffs filed their Opposition Memorandum on January 31, 2012. (Rec. Doc. No.

---

[2] Defendant is an Idaho Limited Liability Corporation. (Rec. Doc. No. 5 at 2). Its headquarters is located in Emmett, Idaho*Id.*

[3] VIA is a South Carolina Limited Liability Corporation. (Rec. Doc. No. 5 at 1). Its headquarters is located in Mt. Pleasant, South Carolina. *Id.*

[4] Cape Cod is a Massachusetts Limited Liability Corporation. (Rec. Doc. No. 5 at 2). Its headquarters is located in Buzzards Bay, Massachusetts. *Id.*

[5] VMD is a Louisiana Limited Liability Corporation. (Rec. Doc. No. 5 at 1). Its headquarters is located in New Orleans, Louisiana. *Id.*

14). Defendant filed its Reply in Support of Motion to Dismiss on February 8, 2012. (Rec. Doc. No. 18).

**LAW AND ANALYSIS**

**A. Standard of Review**

   **1. Lack of Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a suit for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). A district court may exercise personal jurisdiction over a non-resident defendant if "(1) the defendant has purposefully availed himself of the protections and benefits of Louisiana by establishing 'minimum contacts' in the state, and (2) the exercise of the jurisdiction complies with traditional notions of fair play and substantial justice." *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010). There are two types of personal jurisdiction–general or specific–depending on the contacts that a defendant has with the forum state. *See, e.g.*, *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). A court may exercise general jurisdiction over a defendant where there are "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). A court may exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id.*

The Fifth Circuit has held that, to confer general

3

jurisdiction, the defendant must have a business presence in the forum state. *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). This is a difficult standard to meet, as it "requir[es] extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *see also Jackson*, 615 F.3d at 584. It is not enough to inject a product, without more, into a forum state. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987). Similarly, it is not enough to have national media advertising or market or isolated visits to a forum state. *Johnston*, 523 F.3d at 612.

The Fifth Circuit has established a three-part test for determining whether or not specific jurisdiction exists: "(1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Jackson*, 615 F.3d at 585 (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

### 2. Venue

Rule 12(b)(3) provides that a lawsuit may be dismissed for "improper venue." FED. R. CIV. P. 12(b)(3). 28 U.S.C. § 1391 states that venue is proper in a diversity action in:

> (1) a judicial district in which any defendant

4

> resides, if all defendants are residents of
> the State in which the district is located;
> (2) a judicial district in which a substantial
> part of the events or omissions giving rise to
> the claim occurred, or a substantial part of
> property that is the subject of the action is
> situated; or
> (3) if there is no district in which an action
> may otherwise be brought as provided in this
> section, any judicial district in which any
> defendant is subject to the court's personal
> jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2006). If a district court finds that venue is improper, it has discretion to dismiss the suit or to transfer it to any district where it could have been brought. *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 366 (5th Cir. 2008). Generally, if a district court dismisses a suit for improper venue, it is without prejudice so that the suit may be later filed in the appropriate district. *Id.*

## C. Jurisdictional Analysis

### 1. General Jurisdiction

As stated in *Jackson*, general jurisdiction may only be exercised when a defendant has "substantial, continuous, and systematic" contacts within the forum state. 615 F.3d 579, 584 (5th Cir. 2010). General jurisdiction is absent here because Defendant's "contacts with Louisiana are non-existent." (Rec. Doc. No. 10-1 at 6). Specifically, Defendant does not do business in Louisiana; it has not committed any tortious acts in Louisiana; it is not registered to do business in Louisiana; it does not have any

5

offices in Louisiana, it does not own, lease, or use real or personal property in Louisiana; it does not have any bank accounts in Louisiana; it does not pay taxes in Louisiana; and it does not have any employees in Louisiana. *Id.* This is analogous to the situation in *Jackson*, where the Fifth Circuit found that general jurisdiction did not exist because the defendant did not have an office, any bank accounts, any employees, a mailing address, or any property in Louisiana. 615 F.3d at 584. As such, there is no grounds for general jurisdiction over Defendant in the instant case.

### 2. Specific Jurisdiction

The Fifth Circuit has established three standards to apply when determining specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state; (2) whether the cause of action arises out of or results from the defendant's contacts in the forum state; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *See, e.g., Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In the instant case, whether or not Defendant has sufficient minimum contact with Louisiana is the crucial factor. The Supreme Court has held that the minimum contacts requirement can be satisfied by a single act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus

6

invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 475 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

Defendant presents evidence that indicates it has not transacted business in Louisiana nor has it "negotiated or executed contracts in Louisiana." (Rec. Doc. No. 10-2 at ¶¶ 4, 8, 12). The only contracts at issue in the instant suit were signed with VIA, a South Carolina corporation, and Cape Cod, a Massachusetts corporation. (Rec. Doc. No. 5 at 1-2). The contracts themselves were signed in Mt. Pleasant, South Carolina, and Buzzards Bay, Massachusetts. (Rec. Doc. No. 10-1 at 3).

VMD, the only party with a connection to Louisiana, claims that there was s joint venture being negotiated between VMD and Defendant "to provide diagnostic imaging services for companion animals in multiple jurisdictions through entities controlled by" VMD. (Rec. Doc. No. 14 at 1). VMD claims that these negotiations led Cape Cod and VIA to sign the leasing agreements with Defendant. *Id.* at 2. However, the only evidence that Plaintiffs provide of this is the Opposition Memorandum; this allegation is not contained in the Complaint or in the Amended Complaint.

The Louisiana Long-Arm statute provides that a Louisiana court may exercise personal jurisdiction over a nonresident who, among

7

other things, transacts any business in the state or contracts to supply services or things in this state. L A. REV. STAT. ANN. § 13:3201 (2011). Plaintiffs cite *Standard Fittings Co. v. Sapag, S.A.*, 625 F.2d 630 (5th Cir. 1980) for the proposition that the long-arm statute's transaction prong "does not require finalization of the negotiation process or authority to contract on the part of agents who engage in business activity within the forum state on behalf of defendant." 625 F.2d at 638. However, the negotiations in *Standard Fittings* can be distinguished from the negotiations in the instant case. In *Standard Fittings*, there was a multi-year relationship marked by several rounds of negotiations, in-person visits, and the sharing of products. 625 F.2d at 632-36. Additionally, there was an agreement signed between the named parties in the lawsuit. *Id.* at 633. The only evidence offered by Plaintiffs is the affidavit of James M. Towe, Jr. (Rec. Doc. No. 14-1), an officer of VMD. Towe states that VMD and Defendant "<u>discussed the details of the joint venture in person, on the telephone, by electronic mail and by correspondence</u>" beginning on June 15, 2011. *Id.* at 1 (emphasis added). The relationship could not have lasted longer than three months, given the timing of the lawsuit. Further, there is no direct evidence provided about the substance of the negotiations. Finally, there was no agreement signed between VMD and Defendant that was entered into the record. The Louisiana Long-Arm statute cannot apply given the facts

presented in the instant case; therefore, specific jurisdiction over Defendant is inappropriate.

**D. Improper Venue**

28 U.S.C. § 1391 specifies three standards for proper venue in a diversity case. First, venue is proper in a "judicial district in which any defendant resides" when all defendants are residents of that state. 28 U.S.C. § 1391(b)(1) (2006). This is inapplicable in the instant case because Defendant is an Idaho corporation and the current venue is the Eastern District of Louisiana.

Second, venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(2). The two contracts at issue in the instant case were signed regarding an Idaho corporation, a South Carolina corporation, and a Massachusetts corporation. The events that prompted the claim occurred in those judicial districts, not in the Eastern District of Louisiana.

Third, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction"–but only "if there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). Plaintiffs claim that venue is based "on the personal jurisdiction of the corporation in Louisiana." (Rec. Doc. No. 14 at 8). However, Defendant is not subject to jurisdiction in Louisiana. Additionally, there are other

9

districts in which this action should be brought, including those in Massachusetts, South Carolina, and Idaho, which precludes the application of § 1391(b)(3).

New Orleans, Louisiana, this 10th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE